FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

MAR 1 1 2013

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**WILLIE SCOTT**
**ADC #70908**                                                          **PETITIONER**

v.                            **CASE NO. 5:13CV00053 BSM**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                     **RESPONDENT**

## ORDER

The recommended disposition filed by Magistrate Judge Beth Deere has been reviewed, along with the objections filed by Willie Scott. After careful consideration and conducting a *de novo* review of the record, it is concluded that the recommended disposition should be, and hereby is, approved and adopted in its entirety in all respects. Scott's petition for writ of habeas corpus [Doc. No. 2] is dismissed without prejudice.

When entering a final order adverse to a habeas corpus petitioner, a certificate of appealability must be issued or denied. Rule 11, Rules Governing Section 2254 Cases. A certificate of appealability can be issued only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Mr. Scott has not provided a basis upon which to issue a certificate of appealability. Accordingly, a certificate of appealability is denied.

IT IS SO ORDERED this 11th day of March 2013.

_____
UNITED STATES DISTRICT JUDGE

AO 241
REV 6/82

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District "Eastern" Jefferson Co./Pine Bluff, Ark. |
|---|---|
| Name Willie Scott | Prisoner No. 70908 |
| Place of Confinement Jefferson Co. Jail/Correctional Facility | PB-C-97-159 |

FILED 12-9192
EASTERN U.S. DISTRICT COURT
DISTRICT ARKANSAS
APR 09 199
JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

| Name of Petitioner (include name upon which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Willie Scott | v.     State of Arkansas |

The Attorney General of the State of: Ark. Mr. Winston Bryant

PETITION

1. Name and location of court which entered the judgment of conviction under attack Circuit Court
of Pulaski Co. Arkansas, First Division

2. Date of judgment of conviction Dec. 5, 1991 + Modified April 6, 1992

3. Length of sentence 60 Yrs.

4. Nature of offense involved (all counts) Aggravated Robbery, Possession of
Firearm By Certain Person

_____

This case assigned to District Judge Howard
and to Magistrate Judge _____

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   Aggred to plea Guilty, But withdraw plea when State
   Moved to verbal Amend Indictment to Include Habitual,
   After plea, "See Attached" "Exhibit A"

6. Kind of trial: (Check one)
   (a) Jury ☐
   (b) Judge only ☒

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

2

AO 241
REV 6/82

9. If you did appeal, answer the following:

(a) Name of court _____

(b) Result _____

(c) Date of result _____

(d) Grounds raised _____

_____

_____

_____

_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☑ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _Circuit Court of Pulaski Co. Frist Div._

(2) Nature of proceeding _Petition For Vacation of Sentence; OR In The Alternative, Petition For A New Trial_

(3) Grounds raised _Illegal Sentence, Deprived Due Process, Right to Trial By Refusal to Allow Plea withDrawn Ineffective Assistence of Counsel._
_See Attached Ex. A (1-15)_

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☑

(5) Result _Denied As Untimely_

(6) Date of result _12-18-96_

(b) As to any second petition, application or motion give the same information:

(1) Name of court _N/A_

(2) Nature of proceeding _N/A_

_____

(3) Grounds raised _____

_____ *N/A* _____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application or motion, give the same information:
(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.     Yes ☐   No ☑
(2) Second petition, etc.    Yes ☐   No ☐
(3) Third petition, etc.     Yes ☐   No ☐

(e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_Not Advised of Appeal process or Rule 37_
_ARCvP.37; not advised by court how to file or_
_perfect Rule 37 on ineffective counsle claim._

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241
REV 6/82

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Willie Scott Pled Guilty, Then the State ORally Amended Complaint To ADD Habitual Status.

Supporting FACTS (tell your story *briefly* without citing cases or law): (See EX. A5-6 ) The Court APPlyed Habitual Status, EFFectivly Rendering Scotts Unaware oF Penalty Ranses and Altering Charges Pled to, DenYing Scotts Right to Know IN Advance All the cincumstances And possiabilites oF Punishment.

B. Ground two: Denial OF EFFective Counsel

Supporting FACTS (tell your story *briefly* without citing cases or law): Court Appointed Counsel Wholey Abandoned Scotts DeFense In not moving to Support Scotts with Drawal oF Plea After Habitual Act Imposed. Scott pled Guilty to Crime with understanding No Habitual Was Imposed. When Court Suprised Scott with Act 93, Counsel Made No EFFect to Help Scott with Draw plea as Wished Counsel Made No Attempt to Advise Scott oF Rule. 37

-Cont-

AO 241
REV 6/82

C. Ground ~~two~~ Cont.: Ar CrP. See EX. (A.6) Court only Briefly Refered to Rule.37. Counsel Made No Effort to Help or

Supporting FACTS (tell your story *briefly* without citing cases or law): Advise Scott of Rule 37. Because the Compliant is agianst said Counsel. Count Refers to "Something that says Ineffective Counsel ±0 30days"

_____

_____

D. Ground four _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing _____ N/A _____

(b) At arraignment and plea Mr. William Brown And Mr. William R. Simpson. Public Defender Office

AO 241
REV 6/82

(c) At trial _____

(d) At sentencing ____ Mr. William Brown ____

(e) On appeal _____ N/A _____

(f) In any post-conviction proceeding ____ N/A ____

(g) On appeal from any adverse ruling in a post-conviction proceeding ____ N/A ____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☑
(a) If so, give name and location of court which imposed sentence to be served in the future: ____ N/A ____

(b) Give date and length of the above sentence: ____ N/A ____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐   ?

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

____ N/A ____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

____ 3-18-97 ____
(date)

____ Willie Scott ____
Signature of Petitioner

*EX. A-1*

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF/RESPONDENT

V.                          CR 91-1292

WILLIE SCOTT                                    DEFENDANT/PETITIONER


<u>ORDER</u>


Before the Court is Petitioner Willie Scott's Petition for
Vacation of Sentence, or in the Alternative, Petition for New
Trial, and Petition to Proceed In Forma Pauperis.  From the
petitions and all other matters and things pertaining thereto,
this Court doth find, order, and adjudge:

1.  On November 19, 1991, petitioner entered a plea of
    guilty to the charges of aggravated robbery and
    possession of a firearm by certain persons.  On
    December 5, 1991, petitioner was sentenced to 60 years
    in the Arkansas Department of Correction on both
    charges to run concurrently.

2.  On February 11, 1992, petitioner filed a motion for
    modification of sentence.  On April 16, 1992, his
    sentence was modified to 60 years in the Arkansas
    Department of Correction on the aggravated robbery
    charge and 8 years in the Arkansas Department of
    Correction on the possession of a firearm by certain
    persons charge to run concurrently.  Petitioner was
    given credit for 33 days in jail.

3.  A petition for vacation of sentence is a petition for
    post-conviction relief pursuant to Rule 37 of the
    Arkansas Rules of Criminal Procedure.  Rule 37 requires
    that petitions for post-conviction relief be filed
    within 90 days of entry of judgment when a defendant
    pleads guilty.

4.  Petitioner's Petition for Vacation of Sentence, or in
    the Alternative, Petition for New Trial, and Petition
    to Proceed In Forma Pauperis were filed on May 28,

*Ex. A. 2*

1996.  Therefore, petitioner's petitions are untimely.

5.   Petitioner's Petition for Vacation of Sentence, or in
     the Alternative, Petition for New Trial, is hereby
     denied.

6.   Petitioner's Petition to Proceed In Forma Pauperis is
     hereby denied.

IT IS SO ORDERED.

_____
        CIRCUIT JUDGE
_____
        12/18/96
        DATE

EX
A.1

IN THE CIRCUIT COURT OF PULASKI

COUNTY,  ARKANSAS,  FIRST DIVISION

FILED

CAROLYN STALEY
CIRCUIT COUNTY CLERK

WILLIE SCOTT,                                              PETITIONER

-VS-                          CASE NO.  CR 91-1292

STATE OF ARKANSAS,                          RESPONDENT

PETITION FOR VACATION OF SENTENCE;

OR IN THE ALTERNATIVE, PETITION FOR

A NEW TRIAL

Comes your Petitioner Willie Scott, PRO SE, and respectfully asks this Honorable Court to vacate the Sixty years sentence that was imposed on him by this Court on December 5, 1991 (CASE NO. CR 91-1292); or in the alternative, he asks this court to grant him a new trial.  In support of this petition, the Petitioner states and shows the following:

1

PRELIMINARY STATEMENT

On December 5, 1991, this Court sentenced the Petitioner to sixty (60) years imprisonment for the alleged crimes of (1) Aggravated Robbery and (2)  Possession of a Firearm, respectively, in violation of Arkansas Statute/Code 5-12-103 and 5-73-103. The sentence was imposed upon Petitioner under the guise of his guilty plead to both charged offenses; and so done over his

- 1 -

EX
A-2

repeated, in essence, objections;   thus, and nevertheless, this
Court has lawful jurisdiction over this petition.  That , before
and throughout the sentecing phase of this subject matter at bar,
the Petitioner a poverty stricken person was represented by
court-appointed attorney, Honorable William M. Brown.  That,
Petitioner's poverty state of being still holds real, as the
hereto attached in FORMA PAUPERIS declaration will verify.
Petitioner also would to impress upon this Honorable Court, the
fact that he is lowly educated, along with being quite unlearned
in the science/field of law.

11.

THE TRIAL COURT IMPOSED AN ILLEGAL SENTENCE

OF SIXTY YEARS UPON PETITIONER,  BY AND WHEN

THE TRIAL COURT DEPRIVED PETITIONER OF HIS

DUE PROCESS RIGHT TO A JURY TRIAL

ON THE TWO CRIMINAL COUNTS THAT HE WAS

PROSECUTED ON.

Petitioner submits that on March 2, 1991, he was arrested
and jailed, and subsequently on May 29, 1991, he was charged with
the crimes of aggravated robbery and possession of a firearm.
Petitioner's crime partner, Billy Don Jarrett, was also charged
with possession of a firearm on that same date of May 29, 1991;
however, co-crime partner, Jarrett was later on exonerated of
the alleged crime.  That, interval of the date that Petitioner
was arrested and charged with the two (2) counts and, his first
appearance before this Court (Honorable Floyd J. Lofton) on
November 19, 1991, counsel was appointed to the Petitioner by this

EX
A.3

Court.

Petitioner submits that after which time that his attorney had learned and informed Petitioner that Judge Lofton was the Judge assigned to preside over Petitioner's case, along with Petitioner's attorney having briefed Petitioner concerning the mitigating factors of the two counts charged to Petitioner-and afterwards suggested that perhaps it being more beneficial to Petitioner to plead guilty to both counts and be given a sentence (number of years) by Judge Lofton rather than chance going before a jury: thereupon, the Petitioner ultimately accepted his attorney's advice, and on November 19, 1991, the Petitioner and his attorney appeared before Judge Lofton, at which time his attorney entered a plea of guilty to both counts on Petitioner's behalf.

Petitioner submits that his court-appointed attorney tried without success to get Judge Lofton to sentence Petitioner that very December 5th. date, and as Petitioner had also been lead to believe by his attorney that Judge Lofton would do so shortly after ascertaining (Judge Lofton) that Petitioner's plea of guilty was solely voluntary.  The Petitioner was furthermore lead to believe, and be convinced, that it would be Judge Lofton whom would actually decision what sentence (numbers of years) to give Petitioner, by and when Judge Lofton declared to Petitioner on that same December 5th., 1991 date that, and 'quoting' in pertinent part from the hearing's transcript, page II:

> THE COURT:".....My role now is to give him sometime that
> I think he needs for punishment for the wrong that he's
> committed.  I don't know what I'm going to do but I'd

Ex
A.4

just as soon hear from these other people.  And whatever
I do will probably be less than what a jury would do.
So, he's getting a bargain by pleading.  I'm certain
of that because you all have been up here long enough
to know that if you plead guilty in this court you get
some consideration for pleading guilty.****Passed
to--Give me a couple of weeks' time, a Tuesday or
Thursday.
COURT REPORTER:  Twelve Three.
THE COURT:  Twelve Three Ninety-one at 8:30 for a
hearing, for a presentence hearing."  Unquote.

Petitioner submits that not withstanding the fact that he

was-[ultimately, TRICKED]-lead to believe by FIRST his attorney,

and next by Judge Lofton, that it would be JUDGE LOFTON whom would

decide and impose sentence upon Petitioner--[which incidentally,

because of Petitioner's understanding-belief to that effect, along

with the fact that he knew from pass experience of having pleaded

guilty and was sentenced by Judge Lofton-him (Lofton) to be a

fair and considerate man and Judge]; Judge Lofton, however, was

surprisingly to Petitioner not the judge seated when the on

December 5, 1991 date, that Petitioner was ultimately summoned

for to be sentenced before/by the Honorable James P. Massie,

Special (exchange) judge of this Court and, he whom (exchange

Judge Massie) had also been an active attorney for Petiioner's

crime partner, Mr. Billy Don Jarrett.

Petitioner submits that he repeatedly, and timely in advance

of actully appearing before exchange Judge Massie, plainly told

his court-appointed attorney that he no longer wanted to go

through with his guilty plea before [in particular] exchange Judge

Massie.  Presumably, and after Petitioner's attorney's

refusal/failure to make Petitioner's decision to withdraw his

guilty plea known to exchange Judge Massie, and allowed

- 4 -

(Petitioner's attorney) the sentencing proceedings to reach its actual sixty (60) years sentence imposed upon Petitioner stage; nevertheless, and, well in advance of the END phase of the sentencing hearing, the Petitioner personally made his decision (change of mind) to withdraw his guilty plea known to exchange Judge Massie; nevertheless, exchange Judge Massie blatantly ignored Petitioner's repeated declaration to him (Massie) to withdraw the guilty plea, and he (Massie) went ahead on and FORCED a guilty plea to both criminal counts upon Petitioner; which and also consequently resulted in the "Little Habitual" Act Punishment being an additional imposement upon Petitioner; that furthermore, and afterwards, exchange Judge Massie ultimately FORCED a sixty (60) years sentence upon Petitioner in violation of Petitioner's due process right to a jury or court trial on the aggravated robbery and possession of a firearm charges brought against him.

The actual part of the proceedings whereas exchange Judge Massie unjustifiably deprived Petitioner of the right to withdraw the guilty plea and, therefore also to the due process right to a jury or court trial on the two (2) counts charged to Petitioner, went in pertinent part--quoting from the sentencing hearing's transcript--as follows: (Pages 17-19)

> THE COURT: This Court is going to make a determination and it is very rough on me. But you've proven to me please. On the basis of what this Court has heard, this Court has made a determination that you are hereby sentenced to be taken by the Sheriff to serve a period of sixty years in the Department of Correction under Act 93, which should apply in this circumstance.
> THE DEFENDANT: What's that? A C ?
> MR. BROWN: No. It's the habitual statute.
> THE COURT: You're a habitual, sir. And this Court, at least speaking from here, hopes from the standpoint that it never has the opportunity again to sentence

you.  Now, according to law, you did enter a plea-enter
a plea.
THE DEFENDANT:  I want to withdraw it.
THE COURT:  And at that time-
THE DEFENDANT:  I want to withdraw it.
THE COURT:  You entered a plea and I know the Judge's
habit.  He tells you from the standpoint, "If I sentence
you to life, what's your plea going to be?"  You
indicated-I assume you indicated you accepted
responsibility in the belief that what you've done will
merit you somethig less than what I gave you evidently.
Now, you do have the ability within thirty days to file
something saying that you had ineffectiveness of
counsel.  But, as far as this Court is concerned, you
will be in the Department of Correction for the next
sixty years.  And I thank you.
MR. BROWN:  Thank you, your Honor.  May I step aside,
sir?
THE COURT:  It is the judgment and sentence of this
Court sixty years in the Department of Correction.
(THEREUPON, the sentencing had in the case of the State
of Arkansas versus Willie Scott, CR 91-1292, was
concluded.)"  Unquote.

Petitioner submits, both and as this Court's records clearly

show, that he only made his voluntary plea of guilt to both charged

counts to JUDGE LOFTON, and not any PLEA-WHATSOEVER to exchange

Judge Massie; therefore, since Petitioner made it timely known

to exchange Judge Massie that Petitioner had changed his mind

about pleading guilty to the two (2) counts PERIOD; thus,

Petitioner avers, that exchange Judge Massie then had no

justifiable, or otherwise legal, right to self-impose a guilty

plea on Petitioner, or on behalf of Petitioner, as Judge Massie

"evil eye and unequal hand" done so--in inexcusable abuse of his

(Judge Massie) discretion and, in gross violation of Petitioner's

protected due process right to a jury or court trial on the (2)

criminal counts charged to Petitioner and, to a fair, just,

and impartial court.

Wherefore, this case is begging for the gross injustice

- 6 -

EX
A 7

commitment in it to be forthwith corrected, which can only be done by-as be here the Petitioner's prayer of this Honorable Court,to vacate his sentence; or in the alternative, to grant Petitionera new trial.

11

## THE PETITIONER WAS DENIED HIS DUE PROCESS
## RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

Petitioner submits that from the very outset of his attorney's (Mr. William M. Brown) appointment to represent Petitioner by this Court, Mr. Brown spent the bulk of his (Mr. Brown) energy mind conditioning Petitoner to ultimately consent to him (Mr.Brown) entering a plea of guilty on Petitioner's behalf to both criminal counts and, Mr. Brown never once from the date of his appointment to represent Petitioner -- even made any attempt to prepare a defense for going to jury trial for Petitioner.

Petitioner submits that his court-appointed attorney, Mr. Brown, repeatedly mislead Petitioner into believing things that never came true, such as that ONLY Judge Lofton would be the judge to sentence Petitioner, and that Petitioner would not get no more than 20 to 40 years at most, as Petitioner plainly told Mr. Brown out front, and before appearing before Judge Lofton to enter the plea of guilty to both  counts, that if the sentence Petitioner were to be given exceeded 30 years, and at most 40 years, then for Mr. Brown to withdraw the guilty plea entered on Petitioner's behalf and make ready for to represent Petitioner at a jury trial.

Petitioner submits that despite the fact that he had well

*Ex*
*A.8*

in advance, plainly told Mr. Brown--and the same that Mr. Brown
assured Petitioner that he (Mr.Brown) would do so--that if a
sentence over 40 years at most were announced to be given to
Petitioner at the then upcoming sentencing hearing, then for him
(Mr.Brown) to withdraw the guilty plea that he (Mr.Brown) had
entered on Petitioner's behalf and afterwards prepare Petitioner's
case for jury trial:   Mr. Brown outright ineffectively represented
Petitioner, and Petitoner's due process liberty interest right
to a trial by jury on the two (2) criminal counts charged to
Petitioner, by and when after exchange Judge Massie had announced
a sixty (60) years sentence for Petitioner, Mr. Brown just stood
silent; and, Mr. Brown, furthermore, clearly showed his
undoubtedly intentional ineffectiveness to properly represent
Petitioner, both and his (Mr.Brown) all along mind set to take-and
allow Judge Massie to take-advantage of Petitioner's low education
and ignorance to the law state of beings, by and when even after
he (Mr.Brown) had left Petitioner choiceless but to personally
let exchange Judge Massie know that Petitioner had at that time
chose to exercise his (Petitioner) due process right to withdraw
from the guilty, plea that Mr. Brown had entered to Judge Lofton
on Petitioner's behalf: Mr. Brown, made the serious effort to
silence Petitioner from attempting to represent his (Petitioner)
own legal interests, by Mr. Brown, in essence, so chiding
Petitioner as the following in pertinent part quote from the
sentencing proceedings transcript-Page 17-declares:

> THE COURT:  This Court is going to make a determination
> and it is very rough on me.  But you've proven to me
> at least that, you know, that you're a danger and you're
> going to be a danger out here.  So, the Court's going
> to give you sixty years.

- 8 -

*Ex*
*A.9*

THE DEFENDANT:  How many?
THE COURT:  Sixty years.  Six O.  Maybe next time, if
you ever get out -
THE DEFENDANT:  I want to withdraw my plea.  I want to
withdraw my plea.
THE COURT:  Sir?
THE DEFENDANT:  I want to -
MR. BROWN:  Just be quiet.
THE DEFENDANT:  - withdraw my plea.
MR. BROWN:  Be quiet.  Be quiet at this time.
[unquote.]

     Petitioner submits that Mr. Brown never once time warned, or advised, the Petitioner that Petitioner could/would be hit with the Habitual Criminal Act upon a plea of guilt, nor what the penalty phrase of the Act consisted of;  and in fact, Petitioner never knew that the Act even existed until the very date that exchange Judge Massie forced the sixty (60) years sentence upon Petitioner.  Mr. Brown, also refused/failed to make Petitioner knowledgeable of Rule 37's, and/or Rule 36.4's existence, and what the basis, or full, provision(s) of the Rule warrant of an appeal relief nature to Petitioner.

     Petitioner submits that at time of sentencing he made repeated request to withdraw his plea, these same requests were made to counsel.  However, the court, in dictum stated that an ineffectiveness of counsel claim could be made within 30 days. Petitioner requested of counsel to make such claim, however, counsel refused stating that he could not file a petition against himself as that would be a conflict of interest.  I informed counsel and requested of the court other counsel to represent me in my quest to withdraw plea which is a crucial part of the trial proceedings.  Neither counsel or the court provided

Ex
A10

me with counsel and the protections guaranteed to me by both State and Federal Constitutions in this critical phase of the trial. Therefore, I was denied the process due me at that critical phase of the trial.

Petitioner submits that there is ample proofs presented here that his court-appointed attorney indeed, and in fact, deprived Petitioner of that due effective assistance of counsel's representation as prescribed by State and Federal law; therefore, on this ground alone, and/or also, this Honorable Court should consider outright vacating Petitioner's sixty (60) years sentence, or in the alternative, grant Petitioner a new trial forthwith.

WHEREFORE, the Petitioner respectfully requests this Honorable Court for the relief soughted herein.

Respectfully submitted,

/s/ Willie Scott

WILLIE SCOTT, PETITIONER
ADC # 70908
MAXIMUM SECURITY UNIT
2501 STATE FARM ROAD
TUCKER, AR., 72168-9503

*Ex A.11*

## CERTIFICATE OF SERVICE

    I, Willie Scott, hereby certify that I have served the original and two (2) true copies of the foregoing pleading, by U.S. Mail, postage pre-paid, on the Honorable Clerk of this Court, on this _10_ day of ____April____, 1996.

                /s/ _Willie Scott_

WILLIE SCOTT, PETITIONER
ADC # 70908
MAXIMUM SECURITY UNIT
2501 STATE FARM ROAD
TUCKER, AR., 72168-9503


    Subscribed and sworn to before me on this _10_ day of ____April____, 1996.


               _27 April 2005_
               MY COMMISSION EXPIRES:

               _Michael R. Adams_
               NOTARY PUBLIC:

AO 240  (Rev. 6/86)  Application to Proceed

*EX*
*A.12*

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
FIRST DIVISION
DISTRICT OF _____

Willie Scott — Petitioner

v.

State Of Arkansas — Respondent

**APPLICATION TO PROCEED IN
FORMA PAUPERIS, SUPPORTING
DOCUMENTATION AND ORDER**

CASE NUMBER:  CR 91-1292

I, __Willie Scott_____, declare that I am the *(check appropriate box)*

- [x] petitioner/plaintiff
- [ ] respondent/defendant

- [ ] movant (filing 28 U.S.C. 2255 motion)
- [ ] _____
     *other*

in the above-entitled proceeding; that, in support of my request to proceed without being required to prepay fees, cost or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or give security therefor; that I believe I am entitled to relief. The nature of my action, defense, or other proceeding or the issues I intend to present on appeal are briefly stated as follows:

In further support of this application, I answer the following questions.

1. Are you presently employed?                    Yes [ ]   No [x]
   a. If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer. (list both gross and net salary)

   **N/A**

   b. If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received.

2. Have you received within the past twelve months any money from any of the following sources?
   a. Business, profession or other form of self-employment   Yes [ ]   No [x]
   b. Rent payments, interest or dividends?                    Yes [ ]   No [x]
   c. Pensions, annuities or life insurance payments?          Yes [ ]   No [x]
   d. Gifts or inheritances?                                   Yes [ ]   No [x]
   e. Any other sources?                                       Yes [ ]   No [x]

*EX*
*A13*

If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months.

N/A

3. Do you own any cash, or do you have money in checking or savings accounts?
   Yes ☐    No ☑    (Include any funds in prison accounts.)
   If the answer is "yes," state the total value of the items owned.

N/A

4. Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)?
   Yes ☐    No ☑
   If the answer is "yes," describe the property and state its approximate value.

N/A

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

NONE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   4-10-96                    Willie Scott
                (Date)                     Signature of Applicant

---

**CERTIFICATE**
*(Prisoner Accounts Only)*

I certify that the applicant named herein has the sum of $ _____0_____
on account to his credit at the _Maximum Security Unit_
institution where he is confined. I further certify that the applicant likewise has the following securities to his credit according to the records of said institution: _____

_____

_____

I further certify that during the last six months the applicant's average balance was $ _____

                    William Josln
                    Authorized Officer of Institution

---

**ORDER OF COURT**

| The application is hereby denied | The application is hereby granted. Let the applicant proceed without prepayment of cost or fees or the necessity of giving security therefor. |
|---|---|
| _____   _____<br>United States Judge        Date | _____   _____<br>United States Judge        Date<br>or Magistrate |

*Ex A14*

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

FIRST DIVISION

WILLIE SCOTT,                                                    PETITIONER

-VS-                        CASE NO.  CR 91-1292

STATE OF ARKANSAS,                                              RESPONDENT

MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Comes the Petitioner, Willie Scott and moves this court for leave to proceed in this action in forma pauperis pursuant to 28 U.S.C. Sec. 1915(d) without first being required to pre-pay fees and costs or otherwise being required to give security therefore. In support of this motion Petitioner has attached his affidavit of poverty hereto.

Respectfully submitted,

*Willie Scott*
WILLIE SCOTT, PETITIONER
ADC# 70908
MAXIMUM SECURITY UNIT
2501 STATE FARM ROAD
TUCKER, AR., 72168-9503

Subscribed and sworn to before me this 10 day of
_____April_____, 1996.

*Michael R. Ol*
NOTARY PUBLIC:

*27 April 2005*
MY COMMISSION EXPIRES:

*Ex A-15*

## CERTIFICATE OF SERVICE

I, Willie Scott, Pro-se, Petitioner, do hereby certify that a copy of the above and foregoing has been mailed to the Respondents attorney(s), by placing copy of same in the U.S. Mail, postage pre-paid and addressed to the Attorney General's Office, 200 Tower Building, 323 Center Street, Little Rock, Arkansas 72201, on this _11_ day of April, 1996.

                              Respectfully submitted,

                              _Willie Scott_
                              WILLIE SCOTT / PETITIONER
                              ADC # 70908
                              MAXIMUM SECURITY UNIT
                              2501 STATE FARM ROAD
                              TUCKER, ARKANSAS 72168-9503


Subscribed and sworn to before me a Notary Public on this _11_ day of April, 1996.

                              _Ronald J. Gro_
                              NOTARY PUBLIC:

                              _11-12-2005_
                              MY COMMISSION EXPIRES:

**FILED**

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 0 4 1998

JAMES W. McCORMACK, CLERK

By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE SCOTT                                             PETITIONER

V.                              NO. PB-C-97-159

LARRY NORRIS, Director,                                  RESPONDENT
Arkansas Department of Correction

## MEMORANDUM OPINION AND ORDER

The Court has received an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 from Willie Scott, an inmate in the custody of the Arkansas Department of Correction. Respondent concedes that Petitioner is in his custody and has exhausted his state remedies.

Following entry of a guilty plea in Pulaski County Circuit Court in December 1991, Petitioner was convicted of aggravated robbery and being a felon in possession of a firearm. He was sentenced as an habitual offender to sixty years' imprisonment. (Resp't Ex. 1.)[1] By pleading guilty, Petitioner waived his right to a direct appeal under Arkansas law. Ark. R. App. P.-Crim. 1(a) (1997) (designated at the time of Petitioner's convictions as Ark. R. Crim. P. 36.1).

In May 1996, Petitioner filed a petition for post-conviction relief, (Resp't Ex. 2), which the state trial court construed as a petition pursuant to Ark. R. Crim. P. 37 and denied as untimely. State v. Scott, No. CR 91-1292 (Pul. Co. Cir. Ct. Dec. 18, 1996) (Resp't Ex. 3). Petitioner did not appeal and sought no further post-conviction relief in state court.

---

[1]Respondent's exhibits are attached to docket entry #5.

AO 72A
(Rev. 8/82)

1 1

Petitioner then filed this federal habeas petition (docket entry #2), advancing the following claims:

    1.    After Petitioner pleaded guilty, the state orally amended the information to add an habitual offender charge, denying Petitioner fair notice;

    2.    He was denied the effective assistance of counsel because his court-appointed attorney failed to move to withdraw the plea after the amendment and failed to advise him of the availability of Rule 37 relief.

Respondent asserts that Petitioner's claims are procedurally defaulted because Petitioner failed to properly present them to the state courts. See Coleman v. Thompson, 501 U.S. 722 (1991). At the direction of the Court, Petitioner responded to this argument (docket entry #9).

The state courts should have the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts. Engle v. Isaac, 456 U.S. 107, 128-29 (1982). A federal habeas petitioner is thus required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim. 28 U.S.C. § 2254(b); Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994). He must "fairly present" the substance of his federal claims, including the facts and legal theory, to the highest state court. Krimmel v. Hopkins, 56 F.3d 873, 987 (8th Cir. 1995); Rust v. Hopkins, 984 F.2d 1486, 1490 (8th Cir. 1993). He must present his claims to the state courts in a timely and procedurally correct manner so that the courts will be able to review the merits of the claims. Kennedy v. Delo, 959 F.2d 112,

2

115 (8th Cir. 1992). Failure to do so will result in a procedural default. Id.

Where a procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. Coleman, 501 U.S. at 750; Murray v. Carrier, 477 U.S. 478, 496 (1986).

Cause requires a showing of some impediment, external to the defense, preventing a petitioner from presenting or developing the factual or legal basis of a claim. Murray, 477 U.S. at 488-89, 492. Cause must be something "that cannot fairly be attributed to [the petitioner]." Coleman, 501 U.S. at 753. A petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently *external* to constitute cause excusing a procedural default. Sherron v. Norris, 69 F.3d 285, 289 (8th Cir. 1995); Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992); McKinnon v. Lockhart, 921 F.2d 830, 832 n.5 (8th Cir. 1991); Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

Following entry of his guilty plea but before pronouncement of his sentence, Petitioner could have filed a motion to withdraw

3

AO 72A
(Rev. 8/82)

his guilty plea pursuant to Ark. R. Crim. P. 26.1. Additionally, he could have filed a post-conviction petition in state court, pursuant to Ark. R. Crim. P. 37, within ninety days of entry of his judgment of conviction, raising his claims of constitutional violations. Ark. R. Crim. P. 37.1, 37.2(c). Although Petitioner filed a Rule 37 petition four and one-half years after his conviction, it was denied as untimely. Any petition now filed under either rule clearly would be untimely as well. Failure to seek relief under Rules 26.1 and 37 within the designated time limits is a jurisdictional defect. Shipman v. State, 550 S.W.2d 424, 426 (Ark. 1977) (Rule 26.1); Smith v. State, 900 S.W.2d 939, 940 (Ark. 1995) (Rule 37).

Petitioner says he tried to withdraw his guilty plea at his sentencing hearing, but his attorney would not help him. (See Sent. Hrg. Tr. at 17-19 [Pet'r Ex. A-2 to docket entry #2].) Ineffective assistance of trial counsel may constitute cause to lift a procedural bar. Murray, 477 U.S. at 488. However, Petitioner cannot assert ineffectiveness of counsel as cause to excuse his procedural default where he has never properly presented that ineffectiveness claim to the state courts. Miller v. Lock, 108 F.3d 868, 871 (8th Cir. 1997); Reese v. Delo, 94 F.3d 1177, 1185 (8th Cir. 1996), cert. denied, 117 S. Ct. 2421 (1997); Morris v. Norris, 83 F.3d 268, 271 (8th Cir. 1996); Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995), cert. denied, 517 U.S. 1172 (1996); Maynard v. Lockhart, 981 F.2d 981, 984 (8th Cir. 1992); Harris v. Lockhart, 948 F.2d 450, 452 (8th

4

Cir. 1991); <u>Scroggins v. Lockhart</u>, 934 F.2d 972, 974-75 (8th Cir. 1991); <u>McKinnon</u>, 921 F.2d at 832; <u>Smittie</u>, 843 F.2d at 298.  This rule is based on the Supreme Court's statement in <u>Murray v. Carrier</u>, 477 U.S. at 488-89, that "the exhaustion doctrine ... generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."  The Eighth Circuit Court of Appeals has applied this requirement even in cases where state remedies are no longer available for presenting the ineffective-assistance claim.  <u>E.g.</u>, <u>Harris</u>, 948 F.2d at 452; <u>Scroggins</u>, 934 F.2d at 974-75; <u>McKinnon</u>, 921 F.2d at 832; <u>Smittie</u>, 843 F.2d at 298.[2]

Petitioner had a state forum (Rule 37) for arguing that his attorney was ineffective in connection with his guilty plea and sentencing, and the sentencing court advised him that he could

---

[2] In <u>Dawan v. Lockhart</u>, 980 F.2d 470 (8th Cir. 1992), a three-judge panel of the Court of Appeals stated, in a footnote and without citing any of the Eighth Circuit cases holding otherwise, that <u>Murray</u>'s holding that an ineffective-assistance claim must be presented to the state courts before being used to establish cause was a requirement of the exhaustion doctrine and, since no state remedies were currently available for the petitioner to raise his ineffective assistance claims, the exhaustion requirement was satisfied.  <u>Id.</u> at 475 n.6.  The Court of Appeals then stated that counsel's ineffectiveness established the requisite cause to excuse the petitioner's procedural default in the case before it.  These statements in <u>Dawan</u> have not been cited as authority in any subsequent case and, in fact, have been expressly rejected in at least one published District Court opinion.  <u>Harris v. Norris</u>, 864 F. Supp. 96, 98-99 (E.D. Ark. 1994).  Similarly, this Court has determined that the cases contrary to <u>Dawan</u> should control.

5

file such a petition. (Sent. Hrg. Tr. at 19.)[3] He did not do so timely. He has not given the state courts an adequate opportunity to consider whether his attorney was incompetent; therefore, he cannot now assert ineffectiveness as cause. See Wyldes, 69 F.3d at 253.

Petitioner's untimely Rule 37 petition was not a proper presentation of any of his federal habeas claim. Furthermore, he did not appeal the denial of his Rule 37 petition, creating a second procedural obstacle. Failure to appeal the denial of a post-conviction petition to the highest state court constitutes a procedural default. Anderson v. Groose, 106 F.3d 242 (8th Cir. 1996), cert. denied, 117 S. Ct. 2488 (1997); Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994).

Petitioner did not present his federal habeas claims to the state courts in a timely and procedurally correct manner, and the time for doing so has expired. Therefore, his claims are procedurally defaulted and federal habeas review is barred unless he can make the requisite showing of cause and prejudice, or actual innocence.

Petitioner asserts that he was unable to file a timely post-conviction petition because he did not know anything about Rule 26.1 or Rule 37 and neither his attorneys nor the state court advised him of his right to post-conviction relief or explained how to proceed.

---

[3]The court incorrectly advised him that he had thirty days, rather than ninety, to file "something" regarding the effectiveness of his counsel.

6

As stated above, Petitioner's legal inexperience is insufficient cause. Furthermore, there is no state or federal requirement that either the trial court or defense counsel inform a criminal defendant of the post-conviction remedies available to Petitioner. See Morris, 83 F.3d at 270 (attorney's failure to advise criminal defendant of Rule 37 as exclusive state post-conviction remedy did not excuse procedural default); Hill v. State, 737 S.W.2d 636, 637 (Ark. 1987) (no requirement under state constitution or Rule 37 that trial judge inform of appeal from unsuccessful collateral attack on judgment). In fact, states are not constitutionally obligated to provide for post-conviction relief at all, Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987), nor is there any constitutional entitlement to counsel in state post-conviction proceedings, Coleman, 501 U.S. at 752, 757. Since he had no constitutional right to post-conviction relief or counsel in the first place, no duty was placed upon the court or his attorney to advise him regarding post-conviction relief.

Petitioner has failed to demonstrate cause. Since no cause has been shown, the prejudice element need not be addressed. McCleskey v. Zant, 499 U.S. 467, 502 (1991). Furthermore, Petitioner makes no attempt to fit within the "fundamental miscarriage of justice" or "actual innocence" exception to the cause-prejudice requirement, nor does the narrow exception appear applicable. See Schlup v. Delo, 513 U.S. 298, 324-31 (1995) (exception requires habeas petitioner to support his allegations

7

AO 72A
(Rev. 8/82)

of constitutional error with new reliable evidence not presented at trial, and to show, in light of the new evidence, "that it is more likely than not that `no reasonable juror' would have convicted him"); Weeks v. Bowersox, 119 F.3d 1342, 1350-51 (8th Cir. 1997), cert. denied, 118 S. Ct. 887 (1998).  Petitioner makes no assertion of innocence, nor does he present any evidence to that effect.

Petitioner's claims are procedurally barred.  This petition for writ of habeas corpus is, therefore, dismissed in its entirety with prejudice.

IT IS SO ORDERED this 4ᵗʰ day of June, 1998.

UNITED STATES MAGISTRATE JUDGE

THIS DOCUMENT ENTERED ON DOCKET SHEET IN
COMPLIANCE WITH RULE 58 AND/OR 79(a) FRCP
ON _6/5/98_ BY _K_

8

AO 72A
(Rev. 8/82)

F I L E   C O P Y                                    vjt

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Post Office & Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325


June 5, 1998


* * MAILING CERTIFICATE OF CLERK * *


Re:  5:97-cv-00159.


True and correct copies of the attached were mailed by the clerk to the
following:

        Todd Lister Newton, Esq.
        Arkansas Attorney General's Office
        Catlett-Prien Tower Building
        323 Center Street
        Suite 200
        Little Rock, AR  72201-2610

        Willie Scott
        NCU
        North Central Unit
        ADC #70908
        H.C. 62
        Post Office Box 300
        Calico Rock, AR  72519-0300

        cc: Elain


                                          James W. McCormack, Clerk

Date: 6/5/98                              BY: Vicki Turner

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 0 4 1998

JAMES W. McCORMACK, CLERK

By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE SCOTT                                    PETITIONER

V.                        NO. PB-C-97-159

LARRY NORRIS, Director,                         RESPONDENT
Arkansas Department of Correction


## JUDGMENT

In accordance with the Court's Order entered this date,
judgment is hereby entered dismissing this petition for writ of
habeas corpus in its entirety, with prejudice.

IT IS SO ORDERED this ___4th___ day of June, 1998.


_____
UNITED STATES MAGISTRATE JUDGE


THIS DOCUMENT ENTERED ON DOCKET SHEET IN
COMPLIANCE WITH RULE 58 AND/OR 79(a) FRCP
ON ___6/5/98___ BY ___TA___

AO 72A
(Rev. 8/82)

12

vjt

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Post Office & Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

June 5, 1998

* * MAILING CERTIFICATE OF CLERK * *

Re:  5:97-cv-00159.

True and correct copies of the attached were mailed by the clerk to the
following:

        Todd Lister Newton, Esq.
        Arkansas Attorney General's Office
        Catlett-Prien Tower Building
        323 Center Street
        Suite 200
        Little Rock, AR  72201-2610

        Willie Scott
        NCU
        North Central Unit
        ADC #70908
        H.C. 62
        Post Office Box 300
        Calico Rock, AR  72519-0300

        cc: Elain

                                    James W. McCormack, Clerk

Date:  6/5/98                       BY: Vicki Turner